UNITED STATES of America,
Plaintiff–Appellee,

v.

Nazir HAYDER, aka Syed Naseer
Raza, Defendant–Appellant.

No. 06–10394.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 12, 2007.*

Filed Jan. 29, 2007.

Office of the U.S. Attorney, Honolulu, HI, for Plaintiff–Appellee.

Pamela J. Byrne, Esq., Federal Public Defender's Office, Honolulu, HI, for Defendant–Appellant.

Before: HUG and W. FLETCHER, Circuit Judges, and HOLLAND **, District Judge.

MEMORANDUM ***

Nazir Hayder appeals the sentence that was imposed after he pleaded guilty to visa fraud, in violation of 18 U.S.C. § 1546(a), and naturalization fraud, in in violation of 18 U.S.C. § 1015(a). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

Hayder's base offense level was increased by two levels for obstruction of justice pursuant to U.S.S.G. § 3C1.1. In order for the obstruction of justice enhancement to apply, Hayder's conduct must have "actually resulted in a significant hindrance to the investigation or to his prosecution." *United States v. Sola-*

---

to Rule 54(d)." *Idaho Potato Comm'n v. G & T Terminal Packaging, Inc.,* 425 F.3d 708, 723 (9th Cir.2005).

* The Honorable H. Russel Holland, Senior United States District Judge for the District of Alaska, sitting by designation.

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*no–Godines,* 120 F.3d 957, 963 (9th Cir. 1997). The government argued, and the district court agreed, that Hayder had hindered the investigation and prosecution by insisting that a birth certificate that he had used in the name of Syed Naseer Raza was genuine. As a result of Hayder's insistence that the birth certificate was genuine, the government contends that it had to initiate an investigation in Pakistan to determine whether the Raza birth certificate was, in fact, genuine.

But by the time the government initiated the investigation in Pakistan, defendant had already admitted that he was Hayder, not Raza, and that he had purchased a new identity. Thus, Hayder had confirmed that the Raza birth certificate was not genuine. The additional investigation which the government chose to undertake merely confirmed what Hayder had already admitted. Hayder's use of the Raza birth certificate occurred before any investigation had been undertaken, not "during the course of the investigation." U.S.S.G. § 3C1.1 (2005).[1]

Although Hayder later contended that he had legally changed his name, this contention came after the government had received confirmation from Pakistan that the Raza birth certificate was not genuine. In an attempt to avoid this timing problem, the government requests that the court take judicial notice that in some countries, purchasing a new identity is an alternative way by which a person can legally change his name. The court cannot take judicial notice of this "fact." It is neither "generally known within the territorial jurisdiction of the trial court or ... capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R.Evid. 201(b).

Hayder did not significantly obstruct the investigation or prosecution. *See* U.S.S.G. § 3C1.1, Application Note 4(g). Thus, the district court erred in increasing Hayder's base offense level for obstruction of justice.

Because Hayder's sentence must be vacated due to the obstruction of justice error, we do not reach Hayder's alternative argument that his sentence should be vacated because the district court failed to expressly state that it had considered the 18 U.S.C. § 3553(a) sentencing factors when sentencing Hayder.

**SENTENCE VACATED AND REMANDED.**

---

1. Hayder was sentenced May 25, 2006. U.S.S.G. § 3C1.1 was amended with respect to the quoted language, effective November 1, 2006.